David Dance (ISB #7958)
Riverbend Management, Inc.
4609 West 65th South
Idaho Falls, Idaho  83402
Tel: 208-681-9831
ddance@rbm.us

Glenn R. Bronson (ISB #11354)
James C. Watson (pro hac vice forthcoming)
TRASKBRITT, P.C.
230 South 500 East, Suite 300
Salt Lake City, Utah  84102
Tel: (801) 532-1922
grbronson@traskbritt.com
jcwatson@traskbritt.com

*Attorneys for Plaintiff Riverbend*
*Management, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO (EASTERN DIVISION)

| | |
|---|---|
| **RIVERBEND MANAGEMENT, INC.,** | |
| Plaintiff, | **COMPLAINT** |
| v. | Case No. |
| **RIVER BEND CATTLE COMPANY LLC,** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Riverbend Management, Inc. (Riverbend), by and through its undersigned

counsel and pursuant to Fed. R. Civ. P. 7(a)(1), hereby submits this Complaint against Defendant

River Bend Cattle Company LLC (Cattle Co.).

## THE PARTIES

1.       Riverbend is an Idaho corporation having a place of business at 4609 West 65th

South, Idaho Falls, Idaho 83402.

2.       On information and belief, Cattle Co. is a Florida limited liability company

having a place of business at 11225 E. Bushnell Rd., Floral City, Florida 34436.

## JURISDICTION AND VENUE

3.       This is a civil action for unfair competition, trademark infringement arising under

the common law and the Lanham Act, and in particular, 15 U.S.C. §§ 1114 and 1125 as well as

deceptive trade practices under Idaho law. Accordingly, this Court has subject matter jurisdiction

over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, 1338(a)

and (b), and 1367.

4.       This court is empowered to exercise supplemental jurisdiction over claims under

the common law of the State of Idaho pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

5.       This Court has personal jurisdiction over Cattle Co. under Idaho Code § 5-514

because Cattle Co. is and has been conducting continuous and systematic business by promoting

goods and services within the State of Idaho, including within the Eastern Division. Cattle Co.

has also injured Riverbend and committed acts of infringement and other misconduct, including

by maintaining a website offering Cattle Co.'s identical and highly similar products under the

RIVERBEND RANCH name and mark and other RIVERBEND-formative marks to consumers

in the Eastern Division of Idaho, diverting sales from Riverbend to Cattle Co. on information and

belief.

2

6.     Venue is proper in the Eastern Division of Idaho in accordance with 28 U.S.C. § 1391(b)(2) at least because a substantial part of the events and harm giving rise to Riverbend's claims occurred in the Eastern Division of Idaho.

## BACKGROUND

7.     Riverbend has developed and maintains a reputation for high-quality meat and meat-related products, as well as ranching, animal breeding, and other related goods and services.

8.     Since at least January 1, 1995, Riverbend has used the mark RIVERBEND RANCH continuously for the marketing, sale, and distribution of its meat and other ranch-related products and services in United States interstate commerce.

9.     Riverbend markets, sells, and distributes meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks throughout the United States, including to consumers in the Eastern Division of Idaho.

10.    In addition to other distribution channels, Riverbend's meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks are available throughout the United States utilizing the Internet, including Riverbend's website accessible at riverbendmeats.com and via third-party websites.

11.    In addition to other marketing channels, Riverbend markets its meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks on social media platforms.

12.     Riverbend has invested substantial time, effort, and expense in extensive promotion throughout the United States of the goods sold under its RIVERBEND RANCH and other RIVERBEND-formative marks. As a result, considerable goodwill has attached to the RIVERBEND RANCH and other RIVERBEND-formative marks to Riverbend's benefit.

13.     By virtue of Riverbend's continuous use in commerce of its RIVERBEND RANCH and other RIVERBEND-formative marks in connection with its Riverbend line of products, such products have become well and favorably known to the relevant trade and public.

14.     The RIVERBEND RANCH and other RIVERBEND-formative marks are representative of Riverbend's reputation for producing and providing high quality products and services and symbolizes the goodwill of Riverbend, which is invaluable.

15.     In addition to Riverbend's extensive and well-established common-law trademark rights in the RIVERBEND RANCH and other RIVERBEND-formative marks, Riverbend owns numerous United States federal trademark registrations and applications to register its RIVERBEND RANCH and other RIVERBEND-formative marks, including at least the following:

| Mark | Registration or Serial No. | Registration Date | Goods/Services |
|---|---|---|---|
| RIVERBEND RANCH | 2616899 | Sep. 10, 2002 | Class 42: Cattle and horse raising and breeding services and ranching services |
|  | 2616900 | Sep. 10, 2002 | Class 42: Cattle and horse raising and breeding services and ranching services |

| Mark | Registration or Serial No. | Registration Date | Goods/Services |
|---|---|---|---|
| RIVERBEND COMMUNICATIONS | 3596638 | Mar. 24, 2009 | Class 38: Radio broadcasting; telecommunication services, namely, broadcasting services via radio, Internet, and satellite systems Class 41: Education and entertainment services, namely, radio programming services and production of radio programs in the field of news, sports, current events, music; educational services, namely, forums, workshops, seminars and programs in the field of personal finance, real estate, business, health and nutrition, religion, self-improvement and entertainment in the nature of online computer games and contests via radio, Internet, and satellite systems; providing information in the field of news, sports, current events, music, and education and entertainment via radio, Internet, and satellite systems |
| RIVERBEND RANCH MEATS | 4099433 | Feb. 14, 2012 | Class 29: Fresh and frozen meats |

| Mark | Registration or Serial No. | Registration Date | Goods/Services |
|---|---|---|---|
| RIVERBEND RANCH STEAKS | 4102753 | Feb. 21, 2012 | Class 29: Fresh and Frozen Meats |

As of the filing date of this action, assignments of the foregoing federal trademark registrations to Riverbend have been submitted to the U.S. Trademark Office to be recorded and are awaiting processing.

16.     The foregoing registrations are valid and in full force and effect. True and correct copies of documents retrieved from the United States Trademark Office's online Trademark Status and Document Retrieval database (TSDR) showing the current status and ownership of the registrations are attached hereto as Exhibits A through E.

17.     Riverbend's registrations entitle Riverbend to a presumption of nationwide rights to use the RIVERBEND RACH mark dating back to at least September 10, 2002, earliest registration date.

18.     Riverbend also owns applications for United States federal trademark registrations for the RIVERBEND RANCH and other RIVERBEND-formative marks, including at least the following:

| Mark | Serial No. | Filing Date | Goods/Services |
|---|---|---|---|
| RIVERBEND RANCH | 97690333 | Nov. 23, 2022 | Class 29: Beef; Meat, frozen; Beef steaks; Fresh meat; Ground meat |
| RIVERBEND RANCH | 97690359 | Nov. 23, 2022 | Class 30: Spices; Sauce mixes; Sauces; Spice blends; Barbecue sauce; Edible spices; Ready-made sauces; Steak sauce |
| RIVERBEND RANCH BLACK LABEL | 97744579 | Jan. 06, 2023 | Class 29: Beef; Beef steaks; Fresh meat; Ground meat; Meat, frozen |

19.     The foregoing applications are active and pending. True and correct copies of documents retrieved from the United States Trademark Office's online Trademark Status and Document Retrieval database (TSDR) showing the current status and ownership of the registrations are attached hereto as Exhibits F through H.

20.     Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks are inherently distinctive as applied to Riverbend's goods and services and are entitled to strong protection.

## CATTLE CO.'S INFRINGEMENT AND MISCONDUCT

21.     On information and belief, Cattle Co. markets, sells, and distributes meat and meat-related products using the identical RIVERBEND RANCH name and mark and other RIVERBEND-formative marks.

22.     Meat and meat-related products marketed, sold, and distributed using the RIVERBEND RANCH name and mark and other RIVERBEND-formative marks are available utilizing the Internet at least at riverbendcattlecompany.com, which upon information and belief is owned by Cattle Co.

23.     A true and correct copy of a portion of the riverbendcattlecompany.com page from November 14, 2023, showing representative use of the RIVERBEND RANCH name and

7

mark and other RIVERBEND-formative marks to market and sell meat and meat-related

products is reproduced below:



riverbendcattlecompany.com (Last Visited Nov. 14, 2023) (emphasis added)

24.     A true and correct copy of a portion of a representative product listing at the

riverbendcattlecompany.com/new-products page from November 14, 2023, showing further

8

representative use of the RIVERBEND RANCH name and mark and other RIVERBEND-

formative marks to market and sell meat and meat-related products is reproduced below:



[riverbendcattlecompany.com/new-products](riverbendcattlecompany.com/new-products) (Last Visited Nov. 14, 2023)

25.     A true and correct copy of a portion of a representative product listing at the riverbendcattlecompany.com/spices-rubs page from November 14, 2023, showing further representative use of the RIVERBEND RANCH name and mark and other RIVERBEND-formative marks to market and sell meat and meat-related products in the nature of spices and spice rubs is reproduced below:



riverbendcattlecompany.com/spices-rubs (Last Visited Nov. 14, 2023)

26.     Riverbend has priority of use in the RIVERBEND RANCH and other RIVERBEND-formative marks. Riverbend has continuously used the RIVERBEND RANCH and other RIVERBEND-formative marks to market, sell, and distribute its meat and meat-related products throughout the United States years prior to any date on which Cattle Co. began marketing, selling, and distributing its meat and meat-related products in the United States using the RIVERBEND RANCH mark and other RIVERBEND-formative marks.

27.     On information available from the Office of the Florida Division of Corporations website (search.sunbiz.org/Inquiry/CorporationSearch/ByName) and belief, Cattle Co. was incorporated on September 4, 2015, as "RIVER BEND CATTLE COMPANY LLC."

28.     The earliest capture of the riverbendcattlecompany.com domain accessible using archive.org is from August 27, 2018, and is available at the following link: https://web.archive.org/web/20180827234038/https://riverbendcattlecompany.com/.

29.     The meat and meat-related products marketed, sold, and distributed by Cattle Co. using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or closely related to the meat and meat-related products marketed, sold, and distributed by Riverbend using its RIVERBEND RANCH and other RIVERBEND-formative marks.

30.     The meat and meat-related products marketed, sold, and distributed by Cattle Co. using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or closely related to the "fresh and frozen meats" listed in Riverbend's U.S. Trademark

Registrations Nos. 4099433 and 4102753 for the RIVERBEND RANCH MEATS and

RIVERBEND RANCH STEAKS marks.

31.     The meat and meat-related products marketed, sold, and distributed by Cattle Co.

using the RIVERBEND RANCH and other RIVERBEND-formative marks are closely related to

the "Cattle and horse raising and breeding services and ranching services" listed in Riverbend's

U.S. Trademark Registrations Nos. 2616899 and 2616900 for the RIVERBEND RANCH and

 marks.

32.     The meat and meat-related products marketed, sold, and distributed by Cattle Co.

using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or

closely related to the "Beef; Meat, frozen; Beef steaks; Fresh meat; Ground meat" listed in

Riverbend's U.S. Trademark Application Serial No. 97690333 for the RIVERBEND RANCH

mark.

33.     The meat and meat-related products marketed, sold, and distributed by Cattle Co.

using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or

closely related to the "Spices; Sauce mixes; Sauces; Spice blends; Barbecue sauce; Edible spices;

Ready-made sauces; Steak sauce" listed in Riverbend's U.S. Trademark Application Serial No.

97690359 for the RIVERBEND RANCH mark.

34.     The meat and meat-related products marketed, sold, and distributed by Cattle Co.

using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or

closely related to the "Beef; Beef steaks; Fresh meat; Ground meat; Meat, frozen" listed in Riverbend's U.S. Trademark Application Serial No. 97744579 for the RIVERBEND RANCH mark.

35.     The channels of distribution for the meat and meat-related products marketed, sold, and distributed by Cattle Co. using the RIVERBEND RANCH and other RIVERBEND-formative marks are identical or closely related to the channels of distribution for the meat and meat-related products marketed, sold, and distributed by Riverbend using the RIVERBEND RANCH and other RIVERBEND-formative marks.

36.     Cattle Co.'s meat and meat-related products marketed, sold, and distributed using the RIVERBEND RANCH and other RIVERBEND-formative marks are, or would be, directed to the same customer segment of the consuming public as Riverbend's meat and meat-related products marketed, sold, and distributed using the RIVERBEND RANCH and other RIVERBEND-formative marks.

37.     Cattle Co. markets and offers distribution of meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks to consumers throughout the continental United States, including on the Internet and using social media. True and correct copies of social media posts made by Cattle Co., offering products "in the lower 48 for shipping" and expressly stating "we can ship anywhere in the lower 48!" is reproduced below:



[facebook.com/RiverbendCattleCo/posts/2490501917777577?ref=embed_post](facebook.com/RiverbendCattleCo/posts/2490501917777577?ref=embed_post) (Last Visited

November 16, 2023) (emphasis added)



[facebook.com/RiverbendCattleCo/posts/2537625426398559?ref=embed_post](facebook.com/RiverbendCattleCo/posts/2537625426398559?ref=embed_post) (Last Visited

November 16, 2023) (emphasis added)

38.     Cattle Co.'s RIVERBEND RANCH and other RIVERBEND-formative marks are identical or substantially similar to Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks in sound, appearance, connotation, and commercial impression.

39.     Cattle Co.'s RIVERBEND RANCH mark is identical in spelling, pronunciation, number of syllables, appearance, meaning, and commercial impression to Riverbend's RIVERBEND RANCH word mark.

40.     Cattle Co.'s RIVERBEND RANCH mark entirely reproduces the dominant



portion of Riverbend's                            , RIVERBEND RANCH MEATS, RIVERBEND RANCH STEAKS, and RIVERBEND RANCH BLACK LABEL marks.

41.     Cattle Co.'s RIVERBEND RANCH mark is confusingly similar to Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks.

42.     Cattle Co.'s use of the RIVERBEND RANCH and other RIVERBEND-formative marks is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Cattle Co.'s goods.

43.     Cattle Co.'s use of the RIVERBEND RANCH and other RIVERBEND-formative marks has been the source of actual confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Cattle Co.'s goods.

44.     On multiple occasions, Riverbend has received communications from customers in which it was clear the customers believed Riverbend to be Cattle Co., including from customers of Cattle Co. who believed they were purchasing Riverbend products.

45.     On still further occasions, Riverbend has received unprompted reports from consumers and prospective consumers of Riverbend's products regarding Cattle Co., commenting on the similarity of the marks and manifesting actual confusion.

46.     Due to the confusingly similar nature of Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks and Cattle Co.'s RIVERBEND RANCH and other RIVERBEND-formative marks and the similarity of the goods and services offered, sold, or otherwise provided under the respective marks, the relevant consuming public and the consuming public generally are likely to believe, and have been led to believe, that Cattle Co.'s goods and services are those of Riverbend or are in some way connected with, licensed by, or otherwise approved by Riverbend.

47.     Such confusion, mistake, and/or deception are likely to damage and injure the purchasing public and Riverbend.

48.     Cattle Co.'s use of the RIVERBEND RANCH and other RIVERBEND-formative marks is without the consent or approval of Riverbend.

49.     Cattle Co. has had constructive notice of Riverbend's rights in the RIVERBEND RANCH and other RIVERBEND-formative marks since at least the June 18, 2002, date of publication of the application that matured into U.S. Trademark Registration No. 2616899.

17

50.     Cattle Co. has had actual notice that its use of the RIVERBEND RANCH and other RIVERBEND-formative marks infringes Riverbend's rights since at least August 23, 2023.

51.     Cattle Co.'s ongoing use of the RIVERBEND RANCH name and mark and other RIVERBEND-formative marks to market, sell, and distribute its meat and meat-related products is knowing, willful, intentional, and malicious.

**FIRST CAUSE OF ACTION**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**
**UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)**

52.     Riverbend repeats and incorporates by reference the allegations in Paragraphs 1 through 51, as set forth above, as though fully set forth herein.

53.     Cattle Co. has marketed, sold, and distributed, and is marketing, selling, and distributing, meat and meat-related products in United States interstate commerce using the RIVERBEND RANCH and other RIVERBEND-formative marks without the consent or authorization of Riverbend.

54.     Cattle Co.'s RIVERBEND RANCH and other RIVERBEND-formative marks are confusingly similar to Riverbend's prior RIVERBEND RANCH and other RIVERBEND-formative marks.

55.     Cattle Co.'s use of the RIVERBEND RANCH and other RIVERBEND-formative marks is likely to confuse or deceive, and has confused and deceived, consumers as to the affiliation, connection, or association of Cattle Co. with Riverbend, or cause mistake as to the origin, sponsorship, or approval of Cattle Co.'s meat and meat-related products with respect to Riverbend.

18

56.     The goodwill of Riverbend's prior RIVERBEND RANCH and other RIVERBEND-formative marks is of substantial value, and Riverbend is suffering, and will continue to suffer, irreparable harm should Cattle Co. continue its unauthorized sales and advertising using the RIVERBEND RANCH and other RIVERBEND-formative marks.

57.     Riverbend is entitled to a presumption that the harm caused by Cattle Co.'s use of the RIVERBEND RANCH and other RIVERBEND-formative marks is irreparable under 15 U.S.C. § 1116(a).

58.     Cattle Co.'s unauthorized use of the RIVERBEND RANCH and other RIVERBEND-formative marks to market, sell, and distribute meat and meat-related products is intended to, and will, divert to Cattle Co. the benefit of the reputation and goodwill symbolized by Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks, which should rightfully and exclusively inure to the benefit of Riverbend.

59.     Cattle Co.'s acts constitute infringement of Riverbend's federally registered trademarks under 15 U.S.C. § 1114(1).

60.     Cattle Co.'s unauthorized and infringing acts set forth above constitute intentional and willful infringement of Riverbend's rights in its registered trademarks.

61.     Unless and until Cattle Co. is enjoined by this Court, Cattle Co. will continue to commit acts of trademark infringement, will continue to confuse the public, and will continue to cause irreparable harm to Riverbend.

62. Cattle Co.'s acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Riverbend's rights, entitling Riverbend to actual damages as well as reasonable attorneys' fees under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING
### UNDER SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

63. Riverbend repeats and incorporates by reference the allegations in Paragraphs 1 through 62, as set forth above, as though fully set forth herein.

64. Cattle Co.'s unauthorized sales of meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks is likely to confuse or deceive, and has confused and deceived, consumers as to the affiliation, connection, or association of Cattle Co. with Riverbend, or cause mistake as to the origin, sponsorship, or approval of Cattle Co.'s meat and meat-related products.

65. Cattle Co.'s misconduct constitutes false advertising and unfair competition 15 U.S.C. § 1125(a)(1).

66. Riverbend believes that Riverbend has been and is likely to be damaged by Cattle Co.'s unauthorized sales of meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks.

67. Cattle Co.'s unauthorized and infringing acts set forth above have caused, are causing, and will continue to cause irreparable harm to Riverbend.

68.     Unless and until Cattle Co. is enjoined by this Court, Cattle Co. will continue to commit acts of false advertisement and unfair competition, will continue to confuse the public, and will continue to cause irreparable harm to Riverbend.

69.     Cattle Co.'s acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Riverbend's rights, entitling Riverbend to actual damages as well as reasonable attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES
### UNDER IDAHO CONSUMER PROTECTION ACT ICA § 48-601 ET SEQ.

70.     Riverbend repeats and incorporates by reference the allegations in Paragraphs 1 through 69, as set forth above, as though fully set forth herein.

71.     By its unauthorized and infringing acts, Cattle Co. is engaging in unfair and deceptive trade practices in violation of the Idaho Consumer Protection Act, ICA § 48-601 et seq. Among other misconduct, Cattle Co.'s actions have caused and are causing confusion, likelihood of confusion, deception, and/or misunderstanding of consumers as to the affiliation, connection, or association of Cattle Co. with Riverbend, or have caused and are causing mistake as to the origin, sponsorship, or approval of Cattle Co.'s meat and meat-related products.

72.     Cattle Co.'s marketing, sales, and distribution of meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks has affected and continues to affect commerce, including commerce in Idaho.

73.     Cattle Co.'s deceptive and unfair acts set forth above have caused, are causing, and will continue to cause irreparable harm to Riverbend's business reputation and goodwill for which there is no adequate remedy at law.

74.     Unless and until Cattle Co. is enjoined by this Court, Cattle Co. will continue to commit acts of deceptive trade practices, will continue to confuse the public, and will continue to cause irreparable harm to Riverbend.

75.     Cattle Co.'s acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Riverbend's rights, entitling Riverbend to actual damages, corrective advertising, as well as reasonable attorneys' fees.

## JURY DEMAND

76.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Riverbend demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Riverbend prays for judgment as follows on its Complaint:

A.     That Cattle Co.'s marketing, sales, and distribution of meat and meat-related products (and all associated services) in all forms using the RIVERBEND RANCH and other RIVERBEND-formative marks constitutes trademark infringement under 15 U.S.C. § 1114, false advertising under 15 U.S.C. § 1125(a), and deceptive trade practice under Idaho law;

B.     That Cattle Co. and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees, attorneys, and all persons

or entities in active concert, participation, or privity with the foregoing, be preliminarily and permanently enjoined from:

a. Marketing, selling, or distributing meat and meat-related products using the RIVERBEND RANCH and other RIVERBEND-formative marks, including all phonetic equivalents, or any other names, marks, slogans, logos, designs, Internet domain names, or social media account names that are likely to cause confusion, mistake, or deception with Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks;

b. Otherwise acting to induce or render likely the inducement of a mistaken belief that Cattle Co. and/or its goods or services are in any way affiliated with, connected to, associated with, or sponsored by Riverbend or its goods or services, and otherwise acting to cause confusion or render confusion likely with respect to Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks;

c. Trading on the goodwill associated with Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks and passing off Cattle Co.'s goods or services as those of, authorized by, or approved by Riverbend;

d. Injuring Riverbend's business reputation or the goodwill associated with Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks and from otherwise unfairly competing with Riverbend in any manner whatsoever;

e.   Marketing, selling, or distributing any goods or services under a name, mark, brand, logo, design, symbol, Internet domain name, or social media account name confusingly similar to Riverbend's RIVERBEND RANCH and other RIVERBEND-formative marks, including but not limited to displaying promotional or marketing materials on outlets such as websites, social media platforms, or other sources available over the Internet;

C.   That Cattle Co. be ordered to deliver up for destruction all materials, including but not limited to labels, signs, prints, packaging, wrappers, receptacles, brochures, advertisements, literature, promotions, displays, catalogs, products (and all plates, molds, matrices, and other means of making the same), and all other matter in the custody or under the control of Cattle Co. bearing or displaying the RIVERBEND RANCH and other RIVERBEND-formative marks or any confusingly similar marks in accordance with 15 U.S.C. § 1118;

D.   For any domain names and social media account names in its possession or under its control and incorporating the RIVERBEND RANCH and other RIVERBEND-formative marks, that Cattle Co. be ordered to transfer registrations for and ownership of the domains and social media accounts to Riverbend or to terminate such registrations and ownership;

E.   For any Internet resources not reproducing the RIVERBEND RANCH and other RIVERBEND-formative marks in the domain name or in the account name, that Cattle Co. be ordered to permanently remove from all Internet resources in its possession or under its control, including websites and social media accounts, all uses of the RIVERBEND RANCH and other

RIVERBEND-formative marks, including images of meat and meat-related products bearing the RIVERBEND RANCH and other RIVERBEND-formative marks;

F.      That Cattle Co. be ordered to recall from all customers, vendors, sales persons, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, digital files, products, and all other matter bearing and/or displaying the RIVERBEND RANCH and other RIVERBEND-formative marks;

G.      That Cattle Co. be ordered to notify all customers, vendors, sales persons, and authorized agents of the Judgment in this case;

H.      That Cattle Co. be directed to provide a complete accounting to Riverbend for any and all profits realized from the sale of products or services using the RIVERBEND RANCH and other RIVERBEND-formative marks from the first date of use through the date of the Judgment;

I.      That Cattle Co. be ordered to pay for and distribute corrective advertising to mitigate the irreparable damage to Riverbend's reputation and goodwill;

J.      That Riverbend be awarded its actual compensatory damages and Cattle Co.'s profits, in an amount to be determined at trial;

K.      That the award of damages to Riverbend be trebled in view of Cattle Co.'s knowing, deliberate, willful, intentional, and malicious infringement of Riverbend's rights;

L.      That Riverbend be awarded punitive damages in view of Cattle Co.'s knowing, deliberate, willful, intentional, and malicious infringement of Riverbend's rights, in an amount to be determined at trial;

25

M.      That the Court Declare this to be an exceptional case and that Riverbend be awarded all reasonable attorneys' fees, costs, and disbursements incurred by Riverbend as a result of this action in accordance with 15 U.S.C. § 1117(a);

N.      That Riverbend be awarded all damages available under Idaho law; and

O.      That Riverbend be awarded any such other and further relief as this Court deems just and proper.

DATED this 21ˢᵗ day of November, 2023.

RIVERBEND MANAGEMENT, INC.


 /s/ *David Dance*
David Dance
Riverbend Management, Inc.
4609 West 65th South
Idaho Falls, Idaho  83402
Tel: 208-681-9831
ddance@rbm.us


Glenn R. Bronson
James C. Watson
TraskBritt
230 South 500 East, Suite 300
Salt Lake City, Utah  84102
Tel. (801) 994-1922
GRBronson@traskbritt.com
JCWatson@traskbritt.com

*Attorneys for Plaintiff Riverbend*

27